```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDREY NEVELSKIY,

                           Plaintiff,

              v.

ADVANCED PROFESSIONAL GROUP,
INC., and EUGENE ASH a/k/a EVGENY
ASH,

                           Defendants.
-----------------------------------------------------------------X
```

**REPORT AND RECOMMENDATION**

23-CV-2364
(Matsumoto, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff Andrey Nevelskiy commenced this action against Defendants Advanced Professional Group, Inc. ("APG") and Eugene Ash a/k/a Evgeny Ash ("Ash") (collectively "Defendants"), seeking damages pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See generally* Dkt. Nos. 1, 7.

Currently pending before this Court, on a referral from the Honorable Kiyo A. Matsumoto, United States District Judge, is Plaintiff's motion for default judgment against APG and Ash. *See* Dkt. No. 12; *see also* February 27, 2024 Dkt. Order. For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion be denied, without prejudice to renew.

**I.    Background**

    **A.    Factual Allegations**

The following facts are taken from the complaint and Plaintiff's motion for default judgment; the facts are assumed to be true for the purposes of this motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor); *BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL

8853704, at *1 (E.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, Dkt. Order (E.D.N.Y. Jan. 9, 2024).

Plaintiff alleges that he worked for Defendants as a truck driver from approximately April 2021 through March 2022. *See* Dkt. No. 7 ¶ 11. Plaintiff claims that as an employee of Defendants, he "drove and dropped off freight in multiple U.S. States." *Id.* ¶ 13. Plaintiff alleges that APG "is a corporation formed under the laws of Wyoming, with a principal corporate office at 480 Highland Dr. E., Unit 7, Macedonia, OH 44056." *Id.* ¶ 14. According to Plaintiff, APG is a freight and shipping company owned and operated by Ash, a Florida resident. *See id.* ¶ 16. Plaintiff claims that Ash "had sole authority to make decisions about Plaintiff's pay" and "supervised the day-to-day operations of APG." *Id.* Plaintiff contends that Defendants are joint employers for purposes of the FLSA and also engaged in interstate commerce for purposes of the FLSA. *Id.* ¶¶ 17-18. Plaintiff further alleges that Defendants "constituted an 'enterprise' as that term is defined in the FLSA, because they performed related activities (either through unified operation or common control) for a common business purpose—namely, operating APG." *Id.* ¶ 24.

As a truck driver for Defendants, Plaintiff claims that he was "hired to transport goods in interstate commerce, delivering various kinds of freight across state lines." *Id.* ¶ 27. Plaintiff acknowledges that while "Defendants sought to characterize Plaintiff as an 'independent contractor,' Defendants treated Plaintiff as an employee by exercising near complete control over Plaintiff's work," including, *inter alia*, controlling Plaintiff's work schedule; determining "when, where, and how Plaintiff delivered freight"; dispatching Plaintiff to job that "Defendants wished Plaintiff to perform"; monitoring and controlling the time of Plaintiff's departure and the time of arrival; controlling "the amounts charged to the customers whose freight Plaintiff delivered"; and

2

controlling the number of miles Plaintiff may drive in a given week. *Id.* ¶¶ 27-35. Plaintiff alleges that he was "paid by the mile with the amount set and fixed by Defendants. *Id.* ¶ 36. Plaintiff adds that Defendants "were constantly monitoring Plaintiff's driving time and frequently pushing Plaintiff to drive longer than allowed than allowed under federal law and regulations, sometimes pressuring Plaintiff to drive 16 and even 18 hours straight." *Id.* ¶ 38. Plaintiff noted that "Defendants controlled what equipment Plaintiff used to perform his work, including the type of trucks, communication system used by Plaintiff, and the trailers used to complete the work for Defendants." *Id.* ¶ 39.

Plaintiff argues that "Defendants deducted from Plaintiff's pay, and/or Plaintiff paid directly a wide variety of employer expenses and costs, including tens of thousands of dollars per year for fuel, 'empty mileage' costs (*i.e.* the costs for travel when not transporting items for customers), oil, tires, spare parts, tolls, insurance, repairs and maintenance, among other expenses." *Id.* ¶ 42. Plaintiff claims that "Defendants deceived Plaintiff by inducing him to sign a 'Truck Rental Agreement' as a condition of his employment, by which Defendants wrongfully deducted substantial amounts of money from Plaintiff's legally owed compensation for the fantom rental of trucks owned by Defendants, further depriving Plaintiff of the pay owed for his work as an employee of Defendants." *Id.* ¶ 43. Plaintiff contends that Defendants failed to pay FLSA minimum wages to Plaintiff; instead, Defendants deducted Plaintiff's pay so that his pay, at times, "yielded pay rates below federal minimum wage guarantees." *Id.* ¶¶ 45-47.

Plaintiff also alleges that "Defendants failed to pay overtime legally owed to Plaintiff, while demanding that Plaintiff spend more than twelve hours at a clip driving to assigned cargo destinations and back, without any opportunity for adequate rest mandated by Federal and State Law." *Id.* ¶ 49.

3

**B.    Procedural History**

On March 28, 2023, Plaintiff filed a complaint against APG.  *See* Dkt. No. 1.  On May 25, 2023, Plaintiff filed an amended complaint, adding Ash as a defendant.  *See* Dkt. No. 7.  Plaintiff brings this action, pursuant to the FLSA and the NYLL, seeking "unpaid back pay and front pay, unpaid overtime and minimum wages, restitution of unlawfully deducted amounts from Plaintiff's wages," as well as a "finding that Defendants misclassified Plaintiff as an independent contractor." *Id*.  Plaintiff also seeks liquidated damages, compensatory damages, reasonable attorneys' fees and costs, interest, and all other appropriate legal and equitable relief pursuant to the FLSA and the NYLL.  *See id.*

On May 25, 2023, Plaintiff filed an affidavit of service indicating that, on May 9, 2023, he served APG, via mail, at the office of the Secretary of State of the State of New York, located at 99 Washington Ave, 6th Floor, Albany, New York 12231.  Dkt. No. 8.  Plaintiff's affidavit states that he had delivered two copies of the summons and the amended complaint to the Secretary of State's office in Albany and paid the statutory fee.  *Id.*

Also on May 25, 2023, Plaintiff filed an affidavit of service stating that, on May 12, 2023, he served Ash "by delivering and leaving a true copy or copies of the [summons and the amended complaint] with John Doe (refused full name), co-worker, a person of suitable age and discretion." Dkt. No. 8-1.  Service was rendered, in person, at 3010 Avenue U, Fl. 1, Brooklyn, New York 11229.  *See id.*  Plaintiff added that he also served Ash by mailing a copy of the summons and the amended complaint to Ash at 3010 Avenue U, Fl. 1, Brooklyn, New York 11229, which Plaintiff purports is the place of business of Defendant.  *See id.*

4

On June 9, 2023, Plaintiff again filed an affidavit of service indicating that on May 9, 2023, Plaintiff served APG at the office of the Secretary of State of the State of New York, located at 99 Washington Ave, 6th Floor, Albany, New York 12231. *See* Dkt. No. 9.

On October 3, 2023, then-United Magistrate Judge Ramon E. Reyes issued an order noting that "there has been no activity in this case since [June 9, 2023]. No later than October 16, 2023, one of the following events must occur: (a) file a stipulation extending the defendants time to answer, (b) request for certificate of default or (c) the defendants must file an answer." The Court cautioned that "[i]f, none of the preceding events occurs by the deadlines set forth above, I will deem the plaintiffs to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute. Plaintiff's counsel is directed to provide a copy of this order to his clients and to the defendants." Oct. 3, 2023 Dkt. Order.

On October 16, 2023, Plaintiff filed a request for a certificate of default. Dkt. No. 10. On October 23, 2023, the Clerk entered a certificate of default against APG and Ash pursuant to Fed. R. Civ. P. 55(a). Dkt. No. 11. On November 6, 2023, Plaintiff moved for default judgment. Dkt. No. 12.

On November 9, 2023, Plaintiff filed an affidavit of service regarding service of the motion for default judgment on APG. Dkt. No. 13. In the affidavit of service on APG, Plaintiff stated that he served APG, via mail at 3010 Avenue U, Fl. 1, Brooklyn, New York 11229. *Id.*

Also on November 9, 2023, Plaintiff filed an affidavit of service regarding service of the default judgment on Ash. Dkt. No. 14. In the affidavit of service on Ash, Plaintiff stated that he served Ash, via mail, on November 7, 2023 at the address 20 E. 80th Street, Apt. 3A, New York, New York 10075. *Id.*

The case was re-assigned to the undersigned on November 13, 2023. *See* Nov. 13, 2023 Dkt. Entry. On February 27, 2024, Judge Matsumoto referred this matter to the undersigned for a report and recommendation. *See* Feb. 27, 2024 Dkt. Order.

II. **Standard for Default Judgment**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023) ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v.*

6

*Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established." *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted). The Court may also "consider numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt." *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010). "Courts have significant discretion in granting default judgments and consider the following factors: (1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Canon U.S.A., Inc. v. Sysorex Gov't Servs., Inc.*, No. 23-CV-8001 (DLI) (LGD), 2024 WL 1914347, at *3 (E.D.N.Y. May 1, 2024) (internal citations omitted); *see also Enron Oil Corp.*, 10 F.3d at 96; *Franco*, 2010 WL 3780972, at *2 (listing factors).

7

## III. <u>Jurisdiction and Venue</u>

The Court "must satisfy itself that it has subject matter and personal jurisdiction before rendering judgment against defendants." *Dumolo v. Dumolo*, No. 17-CV-7294 (KAM) (CLP), 2019 WL 1367751, at *4 (E.D.N.Y. Mar. 26, 2019); *see Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.").

### A. Subject Matter Jurisdiction

The Court has original jurisdiction over Plaintiff's claims because this action raises federal questions regarding the alleged deprivation of Plaintiff's rights under the FLSA. *See* 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL. Further, Plaintiff alleges diversity of citizenship, as Plaintiff is a New York resident and APG "is a corporation formed under the laws of Wyoming, with a principal corporate office at 480 Highland Dr. E., Unit 7, Macedonia, OH 44056." Dkt. No. 7 ¶ 14. Ash is also a Florida resident. *See id.* ¶ 16.

Accordingly, this Court respectfully recommends a finding that the Court has subject matter jurisdiction over Plaintiff's claims.

### B. Personal Jurisdiction

"A court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *BASF Corp.*, 2023 WL 8853704, at *5 (internal quotation marks and citation omitted); *Nat'l Cas. Co. v. Runway Towing Corp.*, No. 19-CV-5091 (DG) (CLP), 2021 WL 5310857, at *2 (E.D.N.Y. Oct. 19, 2021), *report and recommendation adopted*, 2021 WL 5304055 (E.D.N.Y. Nov. 15, 2021) ("A default judgment may not be granted 'if the defendant has not been

8

effectively served with process.'") (quoting *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014)). Plaintiff has the burden of showing adequate service. *Nat'l Cas. Co.*, 2021 WL 5310857, at *2.

Indeed, "[e]ven where the Clerk of the Court has entered the defendant's default, [the] court may appropriately review the adequacy of service before entering a default judgment." *Prescription Containers, Inc. v. Cabiles*, No. 12-CV-4805 (CBA) (VMS), 2014 WL 1236919, at *5 (E.D.N.Y. Feb. 14, 2014) (quotations and citation omitted), *report and recommendation adopted*, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014).

### 1. APG

Under Fed. R. Civ. P. 4(h)(1)(B), a corporation can be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." The Federal Rules also permit a plaintiff to serve a corporation according to the law of the state where the district court is located. Fed. R. Civ. P. 4(h)(1)(A); *see Trustees of the United Teamster Pension Fund a v. Juniors Produce Inc.*, No. 15-CV-6927 (ARR) (ST), 2016 WL 4995023, at *2 (E.D.N.Y. Aug. 31, 2016), *report and recommendation adopted*, 2016 WL 4995154 (E.D.N.Y. Sept. 19, 2016).

As relevant here, New York law, like its federal counterpart, allows for a corporation to be served by delivering the summons and complaint to "an officer, director, managing or general agent . . . or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). A corporation may also be served via its "registered agent" or the New York Secretary of State in Albany pursuant to section 306 of the New York Business Corporation Law. *See* N.Y. Bus. Corp. L. § 306(a) (N.Y. C.P.L.R. § 306(b)(1) ("Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally

9

delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany duplicate copies of such process together with the statutory fee.").

"[S]ervice on a corporate defendant is complete once [it] is effectuated through the Secretary of State under N.Y. Bus. Corp. Law § 306(b)(1)." *Logan v. World Luxury Cars, Inc.*, No. 15-CV-248 (ENV) (PK), 2023 WL 156878, at *2 (E.D.N.Y. Jan. 11, 2023) (internal quotation marks omitted) ("New York law requires corporations to advise the Secretary of State of any change of address, and accordingly, because plaintiff served [defendant] through the Secretary of State, service on that defendant was necessarily proper, regardless of whether the address on file was correct.").

Here, Plaintiff provided an affidavit of service stating that he delivered two copies of the summons and the amended complaint to the Secretary of State's office in Albany and paid the statutory fee. *See* Dkt. No. 6. While APG is a Wyoming corporation, APG is registered in New York State and the post office address to which the New York Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery is "Northwest Registered Agent LLC, 418 Broadway, Ste N, Albany, NY, United States 12207." *See* N.Y. Dep't of State, Div. of Corps., Corporation & Business Entity Database Search, https://apps.dos.ny.gov/publicInquiry (last visited May 11, 2024).[1]

Accordingly, this Court respectfully recommends a finding that Plaintiff has properly served APG.

---

[1] The Court properly takes judicial notice of the Secretary of State's website. *See, e.g.*, *J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 17-CV-4171 (AMD) (SJB), 2018 WL 4378166, at *1 (E.D.N.Y. Apr. 9, 2018) ("The Court can and does take judicial notice of information from the New York Secretary of State's website.").

10

**2.     Ash**

New York state law permits service to be made by "delivering the summons . . . to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons . . . to the person to be served at his or her actual place of business" or to the person's last known residence. N.Y. C.P.L.R. § 308(2).

"All that is required of service under Section 308(2) is that process be served on a person of suitable age and discretion at the actual place of business 'regardless of whether or not that person is an employee or is otherwise officially authorized to accept service on behalf of the defendant.'" *Nat'l Cas. Co.*, 2021 WL 5310857, at *2-3 (quoting *Dantzig v. Cnty of Westchester*, No. 19-CV-8811 (NSR), 2021 WL 1030655, at *5 (S.D.N.Y. Mar. 16, 2021)). "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her within that place of business." *Warshun v. New York Cmty. Bancorp, Inc.*, 957 F. Supp. 2d 259, 266 (E.D.N.Y. 2013) (citation omitted).

"A person is of suitable age and discretion if they are of sufficient maturity, understanding, and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant." *Nat'l Cas. Co.*, 2021 WL 5310857, at *2-3 (citations omitted). "An adult co-worker can satisfy these requirements; it makes no difference if the individual refuses to give his name or gives a false one." *Maldonado v. Arcadia Bus. Corp.*, No. 14-CV-4129 (DLI) (RML), 2015 WL 12791329, at *2 (E.D.N.Y. Aug. 27, 2015); *see also Miranda v. Astoria Provisions, LLC*, No. 19-CV-2923 (EK) (PK), 2020 WL 5810160, at *1 (E.D.N.Y. Sept. 30, 2020) (collecting cases where co-worker was not identified by full name).

11

As noted above, on May 25, 2023, Plaintiff filed an affidavit of service stating that, on May 12, 2023, he served Ash by leaving copies of the summons and the amended complaint with a John Doe co-worker at an address listed as 3010 Avenue U, Fl. 1, Brooklyn, New York 11229. *See* Dkt. No. 8-1. Plaintiff also mailed a copy of the summons and the amended complaint to Ash at 3010 Avenue U, Fl. 1, Brooklyn, New York 11229, which Plaintiff claims is Defendant's place of business. *See id.* "A properly executed affidavit, like the one executed in this case, 'is prima facie evidence of proper service.'" *Nat'l Cas. Co.*, 2021 WL 5310857, at *2-*3 (quoting *San Lim v. MTA Bus Co.*, 190 A.D.3d 493, 493 (1st Dep't 2021)).

Thus, because Ash is alleged to have owned and operated APG, as evidenced by the affidavit of service, and the fact that the John Doe co-worker meets the requirements of a person of suitable age and discretion, this Court respectfully recommends a finding that service on Ash was proper in this case.

### C. Venue

"A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, Plaintiff contends that a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of New York and notes that APG has substantial contacts with this district. *See* Dkt. No. 7.

Accordingly, this Court respectfully recommends a finding that venue is proper in this District under 28 U.S.C. § 1391(b)(2).

### IV. Plaintiff's Motion for Default Judgment Lacks Adequate Support

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Annuity, Welfare & Apprenticeship Skill*

12

*Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)). "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *Fin. Servs. Vehicle Tr. v. Osmeña*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (internal quotation marks and citation omitted).

Under Local Civil Rule 7.1(a), a party seeking default judgment shall include the following motion papers:

> (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
>
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
>
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Loc. Civ. R. 7.1(a).

Under Local Civil Rule 55.2, a "party seeking a judgment by default . . . shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment," and must mail these three items to the last known residence of the defaulting party (if an individual). Loc. Civ. R. 55.2(b)-(c).

Here, Plaintiff's motion incudes a notice of motion (Dkt. No. 12); "an affirmation" from Plaintiff's counsel in support of his motion (Dkt. No. 12-1); a memorandum of law (Dkt. No. 12-2); a copy of the Certificate of Default (Dkt. No. 12-3); a copy of the amended complaint (Dkt. No. 12-4); and a proposed judgment (Dkt. No. 12-5). Plaintiff also filed affidavits of service of

13

his motion, including an affidavit of service showing that Ash, the only individually-named defendant, was served with a copy of Plaintiff's motion at his last known residence. *See* Dkt. Nos. 13, 14.

Upon a closer inspection of the documents that comprise Plaintiff's motion for default judgment, however, this Court finds that Plaintiff has failed to show compliance with Fed. R. Civ. P. 55 and the Local Civil Rules. In short, Plaintiff has failed to carry his burden of demonstrating his entitlement to default judgment.

Fed. R. Civ. P. 55 provides that default judgment is appropriate where a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citations omitted); *see Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The plaintiff therefore bears the burden of establishing the damages sought, *see Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158, either by submission of documentary evidence or during an evidentiary hearing, *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI) (RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021), *report and recommendation adopted sub nom.*, 2022 WL 842666 (E.D.N.Y. Mar. 22, 2022). The court has discretion to determine whether the plaintiff has met this burden. *See Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

Here, as a preliminary matter, Plaintiff's notice of motion does not "specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion" contrary to Local Civil Rule 7.2's requirements. Dkt. No. 12.

In addition, Plaintiff does not raise allegations for specific monetary relief in the amended complaint. *See generally* Dkt. No. 7. Plaintiff's motion for default judgment provides no further clarification or support. *See generally* Dkt. No. 12-2. Plaintiff's counsel's affirmation (filed as an affidavit) makes no allegations about the damages or relief being sought. *See* Dkt. No. 12-1. As noted above, Plaintiff himself has not filed an affidavit or declaration in this case.

Significantly, in Plaintiff's three-page memorandum of law (Dkt. No. 12-2), Plaintiff sets forth no assertions or arguments with respect to damages, nor does he provide any other documentation (including regarding Plaintiff's own recollection of his wages or hours worked) in support thereof. *See Frank Brunckhorst Co., LLC v. Castellini*, No. 17-CV-2324 (AMD) (ST), 2018 WL 1788149, at *3 (E.D.N.Y. Feb. 28, 2018), *report and recommendation adopted sub nom.* 2018 WL 1377302 (E.D.N.Y. Mar. 19, 2018) ("There are, for example, no authorities detailing the elements of a claim for breach of personal guarantee, which makes it difficult for this Court to fulfill its obligation of ascertaining whether Plaintiff's allegations—taken as true due to Defendant's default—entitle Plaintiff to relief.").

Instead, Plaintiff merely cites to the legal standard for default judgment and offers, in a conclusory fashion, that Plaintiff is entitled to default judgment. *See* Dkt. No. 12-2, at 2. "[P]arties are required to submit proper memoranda of law with their default motions, 'establish[ing] that on the law [they are] entitled to the relief [they] seek[ ], given the facts as established by the default.'" *Frank Brunckhorst Co., LLC v. Castellini*, No. 17-CV-2324 (AMD) (ST), 2018 WL 1377302, *2 (E.D.N.Y. Mar. 19, 2018) (quoting *Finkel v. Triple A Grp. Inc.*, 708 F. Supp. 2d 277, 280 (E.D.N.Y. 2010)). Indeed, it is not the Court's "responsibility to make the plaintiff's arguments, especially since the plaintiff is represented by counsel." *Frank Brunckhorst Co., LLC*, 2018 WL 1377302, at *2 ("The plaintiff's motion for default judgment did not address the defendant's

15

liability; there was no discussion of the elements of the claims asserted or the legal sufficiency of the alleged facts in the complaint.").

Additionally, at the end of his memorandum of law, Plaintiff requests that the Court schedule "an Inquest so that final judgment can be entered against Defendants in an amount to be determined after the Inquest, plus attorneys' fees, costs, and such other and further relief that the Court deems fair, equitable, just and appropriate." Dkt. No. 12-2, at 3. But as Plaintiff acknowledges, "the Court has discretion whether to require an evidentiary hearing, or to rely on detailed affidavits or other documentary evidence in making this determination." *Id.* (internal citations omitted); *see also Victoriano Gonzalez*, 2021 WL 6065744, at *5 ("The court may, but is not required to, hold a hearing on the amount of damages."). "Instead of holding a hearing, the court may rely on 'detailed affidavits and documentary evidence,' as well as the Court's knowledge of the record from experience with the case." *Victoriano Gonzalez*, 2021 WL 6065744, at *5 (citations omitted). Here, holding an inquest hearing given the dearth of factual or legal assertions in Plaintiff's motion would not be fruitful because Plaintiff has failed to explain why a default judgment is even appropriate in this case or what potential damages are being sought.

Thus, Plaintiff has failed to "show that the compensation sought naturally flow[s] from the injuries pleaded[.]" *Id.* (first alteration in original) (internal quotation marks and citation omitted). Accordingly, Plaintiff has not met his burden of proof at this time, and this Court therefore respectfully recommends that Plaintiff's request for default judgment be denied, without prejudice.

### V. Non-Compliance with the Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931; *see also*

16

*Windward Bora, LLC v. Ortiz*, No. 21-CV-04154 (MKB) (JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *report and recommendation adopted*, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022); *Dominguez v. Hernandez*, No. 21-CV-7051 (MKB) (VMS), 2023 WL 2575224, at *20 (E.D.N.Y. Feb. 22, 2023), *report and recommendation adopted*, 2023 WL 2574876 (E.D.N.Y. Mar. 20, 2023).

"The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012).

Here, Plaintiff fails to submit any declaration stating that Ash is not in the military and was not in the military at the time that the certificate of default was entered. "The court lacks the power to excuse compliance with th[is] statute." *Uribe v. Nieves*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018). Should Plaintiff seek to file another motion for default judgment, Plaintiff can establish compliance with the SCRA by, for instance, "obtain[ing] a report certifying active-duty military status through the Servicemembers Civil Relief Act website." *Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD) (RER), 2023 WL 375647, at *5 (E.D.N.Y. Jan. 3, 2023), *report and recommendation adopted*, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023) (citing https://scra.dmdc.osd.mil/scra). The Court notes that "Plaintiff's burden in this regard is not a heavy one," especially since "the Department of Defense maintains a Servicemembers Civil Relief Act website for the purposes of, among other things, determining whether an individual is on active duty." *Alzal Corp. v. Killer Carz LLC*, No. 15-CV-4968 (RPK) (MMH), 2024 U.S. Dist. LEXIS 59929, at *9 n.4 (E.D.N.Y. Mar. 29, 2024) (citation omitted);

17

*Morales*, 2023 WL 375647, at *13 n.3 ("It is possible to obtain a report certifying active-duty military status through the Servicemembers Civil Relief Act website.").

At bottom, even if it may seem unlikely that Ash was serving in the military at the time of default, "that does not absolve plaintiff[] from complying with the procedural requirements of the SCRA." *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 WL 5105063, at *2 (E.D.N.Y. Aug. 31, 2020). Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice to renew for failure to comply with the SCRA.

## VI.   Conclusion

Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment be denied, without prejudice to renew.

This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants, by May 14, 2024.

Advanced Professional Group, Inc.,
3010 Avenue U, Fl. 1, Brooklyn, New York 11229

Advanced Professional Group, Inc.,
99 Washington Ave, 6th Floor, Albany, New York 12231

Eugene Ash a/k/a Evgeny Ash
3010 Avenue U, Fl. 1, Brooklyn, New York 11229

Eugene Ash a/k/a Evgeny Ash,
20 E. 80th Street, Apt. 3A, New York, New York 10075

Plaintiff shall file proof of service by May 14, 2024.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension

of time for filing objections must be directed to Judge Matsumoto. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:        Brooklyn, New York
              May 13, 2024

                                        SO ORDERED:

                                         */s/ Joseph A. Marutollo*
                                        JOSEPH A. MARUTOLLO
                                        United States Magistrate Judge