```
United States District Court
Eastern District of New York
```

------------------------------------X

Andrey Nevelskiy,

        Plaintiff,

  - against -

Advanced Professional Group, Inc.,
and Eugene Ash a/k/a Evgeny Ash,

        Defendants.

------------------------------------X

**Order Adopting Report and Recommendation**

No. 23-cv-2364 (KAM) (JAM)

**Kiyo A. Matsumoto, United States District Judge:**

    Andrey Nevelskiy commenced this action against Advanced Professional Group, Inc. ("APG") under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (ECF No. 1, Compl.) He later amended his complaint to add APG's owner, Eugene Ash (a/k/a Evgeny Ash) as a defendant. (ECF No. 7, Am. Compl.) Nevelskiy has moved for a default judgment based on the defendants' failures to timely answer or otherwise respond to the Amended Complaint. (ECF No. 12, Mot. Default J.) The Court referred the motion to Magistrate Judge Marutollo for a Report and Recommendation. (Order, Feb. 27, 2024.)

    Magistrate Judge Marutollo has issued a thorough and well-reasoned Report and Recommendation to deny the motion without prejudice. (ECF No. 15, R&R, 2024 WL 2119370 (E.D.N.Y. May 13, 2024).) Specifically, Magistrate Judge Marutollo concluded that

the Court has subject-matter jurisdiction over the action, Nevelskiy properly served both defendants, the Court has personal jurisdiction over both defendants, venue is proper in this district, and Nevelskiy complied with Local Civil Rule 55.2. (*Id.* 8-14.) Magistrate Judge Marutollo recommended denying the motion, however, because Nevelskiy's motion failed to provide any meaningful explanation about liability based on applicable law or damages based on admissible evidence. (*Id.* 14-16.) Magistrate Judge Marutollo recommended denying the motion for the additional reason that Nevelskiy failed to comply with the Servicemembers Civil Relief Act ("SCRA") with respect to the individual defendant, Ash. (*Id.* 16-18.)

In reviewing a report and recommendation, the district court may accept, reject, or modify its findings and recommendations in whole or in part. 28 U.S.C. § 636(b)(1)(C). If no timely objection is filed, the district court "need only satisfy itself that there is no clear error on the face of the record." *May v. Levy*, 659 F. Supp. 3d 323, 332 (E.D.N.Y. 2023) (citation omitted). Here, Nevelskiy served a copy of the Report and Recommendation on the defendants on May 14, 2024, (ECF No. 16, Aff. Service), and no party has filed a timely objection.

After a careful review of the record and Magistrate Judge Marutollo's thorough and well-reasoned Report and

2

Recommendation, the Court finds no clear error and thus affirms and adopts the Report and Recommendation in its entirety as the opinion of the Court. *See* 28 U.S.C. § 636(b)(1). Specifically, the Court agrees that Nevelskiy's two-and-a-half-page boilerplate memorandum in support of his motion utterly fails to provide any legal or factual basis for awarding damages. (*See* ECF No. 12-2, Pl.'s Mem. Law ("Mem.").) A party's default admits only liability, not damages. *American Transit Ins. Co. v. Bilyk*, 514 F. Supp. 3d 463, 477 (E.D.N.Y. 2021). The plaintiff still has the burden to prove damages with reasonable certainty. *Id.* As Nevelskiy's two-and-a-half-page memorandum acknowledges, "[t]he Court has discretion whether to require an evidentiary hearing" or "rely on detailed affidavits or other documentary evidence." (Mem. 2.) He may not deprive the Court of that discretion by omitting documentary evidence and demanding that the "Court set the matter down for an Inquest." (*See id.* 3.) The Court also agrees with Magistrate Judge Marutollo that Nevelskiy's failure to comply with the SCRA prevents the Court from awarding a default judgment against Ash. (*See* R&R 16-18.)

Accordingly, for the reasons set forth above and based on the factual findings and legal conclusions set forth in the Report and Recommendation and adopted in this Order, Nevelskiy's motion for a default judgment is respectfully denied without

3

prejudice.

The Court directs Nevelskiy to serve a copy of this Order by overnight mail and first-class mail to the defendants by May 30, 2024, at the following addresses:

> Advanced Professional Group, Inc., 3010 Avenue U, Fl. 1, Brooklyn, New York 11229
>
> Advanced Professional Group, Inc., 99 Washington Ave, 6th Floor, Albany, New York 12231
>
> Eugene Ash a/k/a Evgeny Ash 3010 Avenue U, Fl. 1, Brooklyn, New York 11229
>
> Eugene Ash a/k/a Evgeny Ash, 20 E. 80th Street, Apt. 3A, New York, New York 10075

The Court further directs Nevelskiy to file proof of service on the docket by May 30, 2024.

Should Nevelskiy seek to file a renewed motion for a default judgment, he must do so by June 19, 2024. The renewed motion must provide a thorough explanation as to each defendant's liability, a description of the precise relief sought, and thorough explanation based on the law and facts why the Court should grant that relief. Any facts in the motion must be supported by affidavits or declarations based on personal knowledge, and any damages calculations must be supported with documentary evidence. Finally, the motion must attach a proper non-military affidavit that complies with the SCRA. Failure to timely file the renewed motion may lead to the dismissal of this action for failure to prosecute and for

failure to comply with court orders.

**So ordered.**

Dated:     May 29, 2024
           Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York